IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-195 |
| v. | ) | |
| | ) | |
| ELMER GUILLEN MEJIA, | ) | Honorable Claude M. Hilton |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines"), files this Position of the United States with respect to sentencing in the instant case. According to defense counsel, Defendant Elmer Guillen Mejia (hereafter Defendant) intends to plead guilty to one count of illegal entry after removal, in violation of Title 8, United States Code, Section 1326(a), and request immediate sentencing, waiving preparation of a Presentence Investigation Report. The parties believe that the applicable advisory Guidelines range is zero to six months' imprisonment. For reasons that cannot be fully described herein, the United States believes that the ends of justice would be served by proceeding in this manner.

The United States respectfully submits that a sentence of incarceration of time served (49 days) is appropriate under the facts of this case, and each of the factors set forth in 18 U.S.C. § 3553(a).

**FACTUAL BACKGROUND**

As set forth in the affidavit supporting the criminal complaint, Defendant was found in the United States on or about July 6, 2020, when he was charged with driving while intoxicated in

1

Fairfax County, Virginia, in violation of Section 18.2-266 of the Virginia Code.  ECF No. 2 at 2; *see also* ECF No. 10 at 2.  Defendant was previously removed from the United States on or about July 4, 2014, from Alexandria, Louisiana, and, at the time of his removal, was warned not to return to the United States without the approval of the Attorney General or Secretary of Homeland Security.  *Id*.

Defendant was arrested in this case on July 29, 2020.  On August 3, 2020, he was ordered detained pending trial after making his initial appearance before Magistrate Judge Michael Nachmanoff on the preceding day.  ECF Nos. 14, 15.

On August 27, 2020, a grand jury returned an indictment charging Defendant with illegal reentry, in violation of Title 8, United States Code, Section 1326(a).  ECF No. 16.

## LEGAL STANDARD

The standards governing sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory.  *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).  Section 3553(a) sets out a variety of factors that the Court should consider in determining the defendant's sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," among others.  18 U.S.C. § 3553(a)(1)-(2)(A) & (B).

## APPLICATION

A.   **Sentencing Guidelines Calculation**

The parties believe that the applicable Guidelines call for zero to six months of imprisonment. The base offense level for Defendant's illegal reentry after removal is eight, and, if the defendant pleads guilty and accepts responsibility, the defendant should receive a two-level reduction for acceptance of responsibility, resulting in a total base offense level of six. *See* Guidelines §§ 2L1.2(a), 3E1.1. Defendant is in Criminal History Category I. [1]

B.   **Statutory Analysis**

Based upon the applicable Section 3553(a) factors, the United States recommends a within-Guidelines sentence of time served (46 days). A Guidelines sentence appropriately considers a combination of factors, including the nature and circumstances of the offense; Defendant's history and characteristics, the need to promote respect for the law, the need to protect the public, and the need for a period of imprisonment to deter Defendant's conduct. *See* 18 U.S.C. § 3553(a)(1)-(2).

Defendant has accepted responsibility for illegally reentering the United States and this is his first felony conviction. Defendant's felony conviction and incarceration demonstrate the seriousness of his crime. However, because Defendant has a limited criminal history, a sentence of time served is appropriate and will avoid unwarranted sentencing disparities. Notably, Defendant is aware that if he illegally reenters the United States again, he would commit a new felony offense, and his punishment would be significantly greater than his punishment here. Accordingly, Defendant's conviction here provides specific deterrence to him, and more broadly, general deterrence to those who consider violating our nation's immigration laws.

---

[1] Undersigned counsel has learned that charges related to Defendant's DWI arrest on July 6, 2020, remain pending before Fairfax County General District Court. In addition, while not counting for purposes of sentencing, Defendant has two prior traffic convictions for failing to produce a driver's license (May 2018) and driving under a suspended/revoked license (Dec. 2018). ECF No. 10 at 2.

In addition, based on special circumstances involved in this case that will likely result in Defendant remaining in the United States for some time following his conviction and sentence in this case, the United States respectfully requests that the Court impose a one-year term of supervised release with several special conditions that will ensure Defendant's compliance with law enforcement and ICE administrative proceedings, as well as the protection of the public. Specifically, as conditions of supervised release, Defendant should be required (1) to remain in the Eastern District of Virginia until a certain ongoing matter is concluded; (2) to immediately inform the Court when proceedings related to that matter no longer require Defendant's presence; and (3) to refrain from operating any motor vehicle at any time.

Accordingly, the United States submits that a sentence of time served appropriately accounts for the sentencing factors set forth in 18 U.S.C. § 3553(a) and is sufficient, but no greater than necessary to punish and deter Defendant.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends that a sentence of incarceration for time served (approximately 49 days) is appropriate and necessary under the facts of this case.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: September 15, 2020

By: _____/s/_____
Joseph G. Rieu
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: 703-299-3834
Facsimile: 703-299-3980
Email: Joseph.Rieu@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

By: /s/
_____

Joseph G. Rieu
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  703-299-3834
Facsimile:  703-299-3980
Email:  Joseph.Rieu@usdoj.gov